### Carl Boyd v. The State.

No. 136.  Decided November 10, 1909.

**Disturbing Religious Worship—Evidence—Opinion of Witness—Res Gestae— Harmless Error.**

·Upon trial of disturbing religious worship, there was no reversible error in permitting the State's witness to state his reasons why, after he met defendant, as the witness went out of the house of worship, he did not return thereto, since the State's testimony showed that the defendant immediately entered the house where religious worship was in progress, and there the disturbance took place; besides, defendant received the minimum punishment, and while the witness' opinion was inadmissible, yet, being part of a continuous transaction, the error, if any, was harmless.

Appeal from the County Court of Kaufman. Tried below before the Hon. Thomas R. Bond.

Appeal from a conviction of disturbing religious worship; penalty, a fine of $25.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord*, Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of disturbing religious worship, and his punishment assessed at a fine of $25.

The bill of exceptions in the record discloses the following facts: M. A. Thomas, State witness, in his examination in chief by the county attorney, after he had already testified that he went out of the

schoolhouse and met Henry Pritchett, Lacy Jones and defendant, Carl Boyd, near the door thereof and warned them not to go in the house and not to disturb the people, if they did somebody would report them, and defendant then and there said, "By God, you would not do it," etc., and that when he went out of the house he went out to the arbor and sat down and never went back any more, then the county attorney propounded to him the further question, to wit: "Why did you leave the house and go to the arbor and sit there until the services ended in the schoolhouse?" to which question the witness answered he left the house and went out to the arbor and stayed there until the services were over because he thought there was going to be disturbance. Appellant objected to the answer of the witness because it was the expression of witness' opinion, because it was irrelevant evidence and incompetent, and was calculated to unjustly influence the minds of the jury against defendant. Part of this testimony was admissible because same was part of the res gestae of the act of disturbing the congregation, since appellant immediately entered the house where religious worship was in progress and there the disturbance took place. This declaration of appellant to the witness was part and parcel of one continuous transaction. We do not believe that the reason why witness did not also enter the house was admissible, but in view of the fact that the jury gave appellant the minimum punishment, it could not operate a reversal of the case.

There are various exceptions urged to the charge of the court, but the same is in the usual stereotyped form and properly presented every phase of the evidence to the jury.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*